**UNITIED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Civil Action File No.:

AAQILA ROBINSON-BEY,

Plaintiff,

v.

SUNBEAM PRODUCTS, INC., and
NEWELL BRANDS, INC.

Defendants.

---

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Plaintiff Aaqila Robinson-Bey ("Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1.      Defendants Sunbeam Products. Inc. and Newell Brands, Inc. (hereinafter collectively referred to as "Defendants") design, manufacture, market, import, distribute and sell a wide-range of consumer products, including the subject "Crock-Pot Express Easy Release Pressure Cooker," which specifically includes the Model Number CPPCV60-SS (referred to hereafter as "Pressure Cooker(s)").

1

2.      Defendants tout that their Pressure Cookers are designed with "safety in mind,"[1] which include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit is under pressure.

3.      Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4.      Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.      Defendants knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      Defendants ignored and/or concealed their knowledge of these defects in their Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue

---

[1] *See* Crock-Pot Express Easy Release Pressure Cooker User Manual, pg. 10, attached hereto as Exhibit A
[2] *Id.*
[3] *Id.*

generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

7.     As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF AAQILA ROBINSON-BEY

8.     Plaintiff is a resident and citizen of the city of Minneapolis, County of Hennepin, State of Minnesota.

9.     On or about June 26, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing their scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANTS SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.

10.     Defendants design, manufacture, market, import, distribute and sell a variety of consumer products[4] including pressure cookers, toasters, panini makers, and mixers, amongst others.

---

[4] *See generally*, https://www.sunbeam.com/

11.    Defendants claims that through their "cutting-edge innovation and intelligent design"[5] it has been "simplifying the lives of everyday people"[6] for "over 100 years".[7]

12.    Defendant Sunbeam Products, Inc. is a Delaware Corporation with its registered place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431. At all times relevant, Defendant Sunbeam Products, Inc. substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.  Defendant Sunbeam maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

13.    Defendant Newell Brands, Inc. is a Delaware Corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. At all times relevant, Defendant Newell Brands substantially participated in the distribution, design, manufacture, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.  Defendant Newell maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or

---

[5] See, https://www.newellbrands.com/our-brands/sunbeam
[6] *Id.*
[7] *Id.*

value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## **FACTUAL BACKGROUND**

16.     Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

17.     According to the Owner's Manual[8] accompanying each individual unit sold, the Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[9]

18.     For instances, the Defendants claim that their pressure cookers include "safety sensors"[10] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[11]; and that "[o]nce the pressure increases, the Lid cannot be opened."[12]

19.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or his family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use of cooking.

20.     Plaintiff used his Pressure Cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendants.

---

[8]*See* Crock-Pot Express Easy Release Pressure Cooker User Manual, pg. 10, attached hereto as Exhibit A
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

21.     However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

22.     Defendants' Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23.     Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.     As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

25.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' Pressure Cooker as described above, including punitive damages, according to proof, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages. Plaintiff

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### AS TO SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.
### STRICT LIABILITY

26.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27.    At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28.    Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendants.

29.    Plaintiff did not misuse or materially alter the pressure cooker.

30.    The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from their normal, intended use;

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. The pressure designed, manufactured, sold, and supplied by Defendants were not compliant with industry standards, including UL 136 and/or UL 1026;

f. Defendants failed to adequately test the pressure cookers; and

7

g. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

33. Defendants' conduct, as described above, was extreme and outrageous. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendants made a conscious decision not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages. As such, Plaintiff reserves the right to amend his complaint to seek a claim for punitive damages, according to proof.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION
## AS TO SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.
## NEGLIGENCE

34. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

36. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their

8

pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37.    Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of their pressure cookers in that, among other things, they:

    a.  Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b.  Defendants failed to adequately test the pressure cookers subject to the applicable industry standards, including UL 136 and/or UL 1026;

    c.  Placed an unsafe product into the stream of commerce;

    d.  Aggressively over-promoted and marketed their pressure cookers through television, social media, and other advertising outlets; and

    e.  Were otherwise careless or negligent.

38.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendants continued to market their pressure cookers to the general public.

39.    Defendants' conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendants' outrageous conduct warrants an award of punitive damages. As such, Plaintiff reserves the right to amend his complaint to seek a claim for punitive damages, according to proof.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

## THIRD CAUSE OF ACTION
### AS TO SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.
### <u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>

40.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41.     At the time Defendants marketed, distributed, and sold its pressure cookers to the Plaintiff in this case, Defendants warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

42.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

43.     Defendants' pressure cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

44.     Plaintiff in this case used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

45.     Defendants' breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION
## AS TO SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.
## <u>PUNITIVE DAMAGES</u>

46.    Plaintiff incorporates by reference each of the allegations set forth in this Complaint as though fully set forth herein.

47.    The acts, conduct, and omissions of the Defendants, as alleged throughout this Complaint, were willful and malicious. It is unconscionable and outrageous that Defendants would risk the health, safety, and well-being of consumers, including the Plaintiff in this case. Despite their knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made conscious decisions not to redesign, despite the existence of an economically feasible, safer alternative design, and not to adequately label, warn or inform the unsuspecting consuming public about the dangers associated with the use of their pressure cookers.

48.    Defendants' outrageous conduct rises to the level that Plaintiff should be awarded punitive damages to deter Defendants from this type of outrageous conduct in the future, as well as to discourage other Defendants from placing profit above the safety of consumers in the United States of America.

49.    Prior to and during the manufacturing, sale, and distribution of its pressure cookers, Defendants knew that said pressure cookers were in a defective condition as previously described herein and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

50.    Further, Defendants knew that its pressure cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendants unreasonably subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

11

51.      Despite their knowledge, Defendants, for the purpose of enhancing their profit, knowingly and deliberately failed to remedy the known defects in their pressure cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendants intentionally proceeded with the manufacturing, sale, distribution and marketing of their pressure cookers knowing these actions would expose consumers, such as the Plaintiff, to serious danger in order to advance their pecuniary interest and monetary profit.

52.      Defendants' conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendants with willful and conscious disregard for the safety of the Plaintiff, her family, and consumers like them, entitling the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  judgment for Plaintiff and against Defendants;

    b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

    c.  pre and post judgment interest at the lawful rate;

    d.  a trial by jury on all issues of the case; and

    e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: May 15, 2025

**JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq*
Michael K. Johnson, Esq. (MN #0258696)
Adam J. Kress, Esq. (MN #0397289)
Anna R. Rick, Esq. (MN #0401065)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

13